1 EILEEN M. DECKER
United States Attorney
2 LAWRENCE S. MIDDLETON
Assistant United States Attorney
3 Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
4 Assistant United States Attorney
Major Frauds Section
5     1100 United States Courthouse
      312 North Spring Street
6     Los Angeles, California 90012
      Telephone: (213) 894-0719
7     Facsimile: (213) 894-6269
      Email:    poonam.kumar@usdoj.gov
8
Attorneys for Plaintiff
9 UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          No. CR 14-448-MWF

13          Plaintiff,               GOVERNMENT'S SENTENCING POSITION

14             v.                    Hearing Date: October 3, 2016
                                     Hearing Time: 2:30 P.M.
15 FELICIA MUHAMMAD,

16          Defendant.

17

18      Plaintiff United States of America, by and through its counsel

19 of record, the United States Attorney for the Central District of

20 California and Assistant United States Attorney Poonam G. Kumar,

21 hereby files its sentencing position with respect to defendant

22 Felicia Muhammad.  This sentencing position is supported by attached

23 memorandum of points and authorities, the Presentence Investigation

24 //

25 //

26

27

28

1

1   Report, the files and records in this case, and any further evidence

2   and argument as the Court may permit at the sentencing hearing.

3

    Dated: September 19, 2016          Respectfully submitted,

4
                                       EILEEN M. DECKER
5                                      United States Attorney

6                                      LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney
7                                      Chief, Criminal Division

8
                                              /s/
9                                      _____
                                       POONAM G. KUMAR
10                                     Assistant United States Attorney

11                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On February 19, 2016, defendant Felicia Muhammad ("defendant") was convicted at trial of Counts One through Five of the indictment, each of which charges a violation of 18 U.S.C. §§ 1014 (False Statement to a Financial Institution), 2 (Aiding and Abetting and Causing an Act to be Done).  While a licensed real estate agent and receiving a rental subsidy, defendant applied, over the course of five days in the summer of 2008, for three different loans totaling over $1.3 million so she could purchase three different condominium units.  In each loan application and two separately signed occupancy certifications, defendant falsely represented to three different federally-insured financial institutes that each condo would be her primary residence.  However, defendant never intended to reside in the condos; she lived miles away in Long Beach.  After obtaining the loans, defendant signed each property over to the TKFLO Trust, which was administered by Femi Ogun ("Ogun") and his wife.  All three loans defaulted, all three condos went into foreclosure, and the lenders collectively lost $662,000.  In exchange for her participation in this scheme, Ogun paid defendant $18,000.  A month after the false loan applications, defendant submitted a false loan application to purchase a BMW on behalf of Ogun.

For the reasons set forth below, the government submits that a sentence that includes 30 months of imprisonment and five years of supervised release is justified and appropriate.

**II.   SENTENCING GUIDELINES CALCULATIONS**

On May 2, 2016, the United States Probation Office ("USPO") issued its Presentence Investigation Report ("PSR") in this matter.

The USPO calculated the guidelines range as follows:

Base Offense Level:                  7        U.S.S.G. § 2B1.1(a)(1)

Specific Offense
Characteristics:

Loss of More than $550,000    +14    U.S.S.G. § 2B1.1(b)(1)(H)
But Not More than $1,500,000

Adjustments:

Minor Role                          -2


Total Offense Level              19

(PSR ¶¶ 26-36.)

The PSR calculated a Guidelines range of 30 to 37 months of imprisonment based on this total offense level of 19 and a criminal history category of I.  The government agrees with the Guidelines calculation in the PSR.  In a recommendation letter disclosed to all of the parties, the USPO recommended a low-end sentence of 30 months and a term of supervised release of five years.

**III. THE RECOMMENDED SENTENCE OF 30 MONTHS IN PRISON IS REASONABLE AND APPROPRIATE UNDER THE 3553(A) FACTORS**

The government recommends a sentence of 30 months of imprisonment, five years of supervised release, no fine, and a mandatory special assessment of $100.  The government's recommendation is appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offense, the history and characteristics of defendant, the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct, and the need to avoid unwarranted sentencing disparities.

1    First, the nature and circumstances of the offense are serious.

2  See 18 U.S.C. § 3553(a)(1).  In the summer of 2008, defendant

3  participated in a scheme to defraud financial institutions in

4  connection with the sale of condominiums.  The government recognizes

5  that defendant was not at the helm of this scheme.  However,

6  defendant knowingly assisted the scheme by acting as a straw buyer

7  for three separate properties.  At the time she did so, she was a

8  licensed real estate agent.  In each loan application she lied and

9  stated she intended to live in the properties, when, in fact, she

10  had no intention of doing so.  (PSR ¶ 9, 10.)  The mortgages for

11  which she applied totaled over $1.3 million.  (PSR ¶ 12.)  Given

12  that defendant was unemployed at the time and living in subsidized

13  housing (PSR ¶¶ 10, 21(c)), she knew that she would never apply for

14  these properties with the truth.  A month after defendant applied

15  for these loans, defendant applied for a fourth loan to purchase a

16  BMW for Ogun.  (PSR ¶ 17.)

17    However, the circumstances of the offense did not end there.

18  Defendant compounded these lies with additional lies in order to

19  escape responsibility for her participation in the offense.  As the

20  government proved at trial, in October 2009, the Long Beach Housing

21  Authority ("LBHA"), the entity which administered the rental subsidy

22  program in which defendant participated, sent defendant a "Notice of

23  Intended Action."  (Ex. A (Trial Ex. 38).)  The document stated that

24  defendant had violated her obligations under the program, including

25  supplying information, reporting changes, giving true and complete

26  information, and residing only in unit provided by LBHA.  (Id.)  In

27  response, defendant filed a police report with the Long Beach Police

28  Department ("LBPD") in December 2009 claiming that her identity had

3

1  been stolen.  (PSR ¶ 16.)  In the initial report to the police, she

2  said had "never [given] anyone permission to obtain" the three loans

3  she had signed for in the summer of 2008.  (Id.)  She told the

4  officer that Ogun had asked her to use her personal information, but

5  that she had "not approve[d] his request."  (Id.)  This was a lie

6  and the police report was false.  In early 2010, prior to her LBHA

7  hearing, defendant went to the police station to obtain copies of

8  the police reports.  During this meeting, defendant, at first,

9  stated she did "not give anyone permission" to apply for the loans,

10 but eventually admitted she had acted as a straw buyer.  (Id. at

11 17.)  However, during this meeting, defendant still did not admit

12 she had signed any of the loan documents, instead arguing that

13 Ogun's wife had forged her signature.  (Id. at 17.)  It took yet

14 another meeting with the police, on February 2, 2010, for defendant

15 to admit that she had signed all of the loan applications.  (Id. at

16 18.)  This lying led the USPO to consider enhancing the Sentencing

17 Guidelines for obstruction of justice.  (PSR ¶¶ 34-35.)  At bottom,

18 defendant repeatedly lied for her own personal gain.

19     Second, defendant's history and characteristics are also

20 relevant.  See 18 U.S.C. § 3553(a)(1).  Defendant is a 45-year-old

21 woman with one prior arrest in her criminal record.  (PSR ¶ 46.)

22 Three years prior to this offense, defendant obtained her real

23 estate license.  (PSR ¶ 75.)  That license lapsed, but according to

24 the PSR, defendant's license has now been reinstated and expires in

25 July of 2019.  (Id.)  However, it appears as though defendant has

26 had difficulty completely complying with the terms of her pre-trial

27 supervision, including not attending all monthly office visits, not

28 initially submitting paystubs as requested, and not submitting all

1 job logs as required.  (Id. at 4.)  These violations do represent

2 defendant's continued disrespect of the law and suggest that she

3 does not take such obligations seriously.

4     Third, the government's recommended low-end sentence of

5 probation addresses the seriousness of the offense, promotes respect

6 for the law, provides just punishment, affords adequate deterrence,

7 and protects the public from further crimes of defendant.  See 18

8 U.S.C. § 3553(a)(2).  Given the instant offense and defendant's

9 history, the government submits that a 30-month term of imprisonment

10 protects the public from further crimes and serves as a deterrent

11 both to defendant and others individuals committing similar

12 offenses.  As set forth above, the offense conduct demonstrates that

13 defendant has not exhibited significant respect for the law.

14 Indeed, she compounded this disrespect by lying to the police in

15 order to avoid taking responsibility for her role in the scheme and

16 not abiding by all of the terms of her pre-trial release.  Such

17 behavior raises significant concerns of recidivism and the need for

18 just punishment in this case.

19     Lastly, the government concludes, as did the USPO, that there

20 appear to be no factors warranting a departure or variance outside

21 of the applicable Sentencing Guidelines range.  Indeed, defendant's

22 minor role in the offense and the loss attributable to defendant's

23 offense (the potential for which she was aware when signing loan

24 applications for those amounts) are appropriately accounted for in

25 the Sentencing Guidelines range.  As such, the government believes

26 that the correct calculation of the Guidelines range appropriately

27 accounts for all aggravating and mitigating factors, thereby

28

1  avoiding unwarranted sentencing disparities with other defendants in

2  similar circumstances as defendant.

3  **IV.   RESTITUTION**

4      As set forth in the PSR, restitution is mandatory in this case

5  pursuant to 18 U.S.C. § 3663A.  The government requests that

6  restitution in the amount of $662,000, to be split as set forth in

7  the USPO's recommendation letter, be ordered in this case.

8  **V.   CONCLUSION**

9      For the foregoing reasons, the government believes that the

10  sentence recommended by the government is sufficient, but not

11  greater than necessary, to punish defendant and his crime, promote

12  respect for the law, deter defendant and others from committing

13  similar crimes in the future, and avoid unwarranted sentencing

14  disparities.  See generally 18 U.S.C. § 3553(a).  The government

15  therefore recommends that the Court sentence defendant to 30 months

16  of imprisonment, a five-year period of supervised release, and a

17  mandatory special assessment of $100.

18

19  Dated: September 19, 2016        Respectfully submitted,

20                                   EILEEN M. DECKER
                                     United States Attorney
21
                                     LAWRENCE S. MIDDLETON
22                                   Assistant United States Attorney
                                     Chief, Criminal Division
23

24                                        /s/
                                     POONAM G. KUMAR
25                                   Assistant United States Attorney

26                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
27

28

6